Filed 10/30/25  P. v. Noriega CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082986 |
| v. | (Super.Ct.No. RIF127423) |
| PETER PAUL NORIEGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Reversed and remanded.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,

Charles C. Ragland, Assistant Attorney General, James M. Toohey and Arlene A. Sevidal,

Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Peter Paul Noriega appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1]  The appeal returns to us on transfer from the Supreme Court to reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*)). *Rhodius* resolved a split of authority among the Courts of Appeal regarding resentencing eligibility when a defendant's sentence for a prior prison enhancement (see former § 667.5, subd. (b)) was stayed and never executed.  *Rhodius* held that defendants whose enhanced prison prior term or terms were stayed at sentencing are eligible for resentencing under section 1172.75.  Pursuant to *Rhodius,* we therefore reverse the trial court's order denying defendant a resentencing hearing, and remand for the court to hold that hearing.

**BACKGROUND**

In November 2006 a jury convicted defendant of attempted murder (§§ 187, subd. (a), 664; count 1), shooting at an occupied vehicle (§ 246; count 2), unlawful possession of a firearm (§ 12021, subd. (a)(1); count 3), active participation in a criminal street gang (§ 186.22, subd. (a); count 5), and burglary of a vehicle (§ 459; count 6). (*People v. Noriega* (Oct. 16, 2008, E042520) [nonpub. opn.] (*Noriega*).)  The jury found the attempted murder was willful, deliberate, and premeditated (§ 1192.7, subd. (c)(8)), that defendant personally discharged a firearm in committing the offense (§ 12022.53, subd. (c)), and that defendant committed the offenses in counts 1, 2, and 3 for the benefit

---

[1]  All further statutory references are to the Penal Code.

of a criminal street gang (§ 186.22, subd. (b)). Defendant admitted prior conviction allegations stemming from a prior conviction for active gang participation, including a prior strike (§ 667, subds. (c) & (e)(1)), a prior serious felony (§ 667, subd. (a)), and a prison prior (§ 667.5, subd. b). (*Noriega*, *supra*, E042520.)

The trial court sentenced defendant to an aggregate indeterminate term of 55 years to life in prison, consecutive to a determinate term of seven years, plus other concurrent components to his sentence. (*Noriega*, *supra*, E042520.) In pertinent part, the court imposed a one-year enhanced term for defendant's prison prior, but stayed its execution. In October 2016 the trial court granted defendant's petition for a writ of habeas corpus and dismissed his active gang participation conviction in count 5, in the interests of justice.

In December 2023 the trial court found defendant ineligible for recall and resentencing under section 1172.75. On appeal, this court affirmed the trial court's ruling. (*People v. Noriega* (April 23, 2025, E082986) [nonpub. opn.].) We subsequently vacated that decision following *Rhodius*, and the People waived filing a supplemental brief, conceding by letter that defendant is entitled to resentencing under section 1172.75.

**DISCUSSION**

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of the California Department of Corrections and Rehabilitation and county jail administrators to

"identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

*Rhodius* held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term enhancement imposed before 2020. It was not for a sexually violent offense. Under *Rhodius*, the stay the original sentencing court entered on the prior prison enhancement does not preclude defendant from resentencing under section 1172.75. We therefore reverse and remand the matter for the trial court to hold that hearing.

## DISPOSITION

The trial court's order denying defendant resentencing under section 1172.75 is reversed. The matter is remanded for the court to recall defendant's sentence, hold a

4

resentencing hearing pursuant to section 1172.75, subdivision (d), and resentence defendant consistent with the statute.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                    
                                                    J.

We concur:

RAMIREZ                        
                    P. J.

McKINSTER                    
                    J.